# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CONNIE GOOD,** *Individually and as* *Parent and Natural Guardian of C.G.*, | : : | No. 3:13cv149 |
| Plaintiff | : : | (Judge Munley) |
| v. | : : | |
| **FIRSTENERGY CORP.,** | : | |
| Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 9th day of February 2016, the parties' motions in limine are **GRANTED in part and DENIED in part** as follows:

1. Plaintiff's motion to preclude defendant's experts from testifying at trial (Doc. 113) is **DENIED**;

2. Defendant's motion to preclude from trial evidence or testimony pertaining to prior access of the substation (Doc. 106) is **DENIED**;

3. Defendant's motion to preclude from trial evidence regarding the height of the substation's fence (Doc. 107) is **DENIED**;

4. Defendant's motion to preclude its 2013 annual report from trial (Doc. 109) is **DENIED**; and

5. Defendant's omnibus motion in limine (Doc. 111) is **GRANTED in part and DENIED in part** as follows:

a. Defendant's motion to preclude plaintiff's experts from testifying beyond the fair scope of their reports is **GRANTED**;

b. Defendant's motion to preclude plaintiff from calling expert witnesses that have not been identified as such in discovery is **GRANTED**;

c. Defendant's motion to preclude plaintiff from offering into evidence documents and other demonstrative evidence not produced during discovery is **DENIED** as premature;

d. Defendant's motion to preemptively prohibit plaintiff from calling non-expert fact witnesses not previously disclosed from testifying at trial is **DENIED** to the extent that if plaintiff calls a previously undisclosed witness, defendant will be allowed to depose this witness prior to the witness testifying at trial;

e. Defendant's motion to preclude plaintiff from using documents, photographs and other demonstrative evidence during opening statements is **GRANTED** to the extent that plaintiff must provide defendant with a copy of all demonstrative evidence she wishes to use in her opening statement fourteen (14) days prior to *voir dire*. If defendant objects to any of plaintiff's

demonstrative evidence, its objections are due seven (7) days prior to *voir dire*. The court will review plaintiff's demonstrative evidence and defendant's objections and enter a ruling soon thereafter;

f. Defendant's motion to preclude from trial evidence regarding any fees which FirstEnergy Corp. has paid its experts beyond the past year is **DENIED**;

g. Defendant's motion regarding C.G.'s past medical expenses is **GRANTED**. The court will limit the submission of C.G.'s past medical expenses at trial to the amount of C.G.'s past medical expenses that were actually paid and accepted by C.G.'s health care providers as full and complete payment of C.G.'s past medical bills; and

h. Defendant's motion to preclude evidence of C.G.'s future medical expenses from trial is **DENIED**.

        **BY THE COURT:**

        s/ James M. Munley
        **JUDGE JAMES M. MUNLEY**
        **United States District Court**