## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CONNIE GOOD,** *Individually and as* | : | **No. 3:13cv149** |
| *Parent and Natural Guardian of C.G.,* | : | |
| **Plaintiff** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **FIRSTENERGY CORP.,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Before the court for disposition is Defendant FirstEnergy Corp.'s motion to bifurcate the trial into liability and damages portions.  The motion is fully briefed and ripe for disposition.  For the reasons that follow, the court will deny this motion.

## Background

On May 22, 2012, eleven (11) year old C.G. played with her nine (9) year old brother and a friend near the Birchwood Lakes high voltage electrical substation (hereinafter "the substation").  (Doc. 78-5, Dep. of C.G. II. (hereinafter "C.G. Dep. II") at 1-3).[1]  The children were familiar with the substation because they walked past it on their way to and from their school bus stop everyday.  (Doc. 77-2, Def.'s Concise Stmt. of Facts

---

[1]  All deposition citation page numbers refer to the electronic case file page number located in the upper right-hand corner of the electronically filed document.

(hereinafter "SOF") ¶¶ 16-17).

While playing with her friend and brother on May 22, 2012, C.G. climbed to the top of the substation's front gate, pulled down the barbed wire, and jumped into the interior of the substation. (Id. ¶ 27). Once inside the substation, C.G. climbed eight feet up an A-frame structure, which had an energized power line traversing through its center. (Id. ¶ 28). Shortly thereafter, C.G. jumped down off the A-frame structure. (Id.) While jumping down, C.G. made contact with the energized power line. (Id.) C.G.'s contact with the power line caused her to catch on fire, resulting in serious injuries. (Id. ¶ 29; Doc. 79-2, Ex. F, Carol Good Dep. I at 100; Doc. 79-3, Ex. F, Carol Good Dep. II. at 110). Specifically, C.G. received second and third degree electrical burns over 40.5% of her body including her neck, chest, back and arms, which caused her treating physicians to place her in a medically induced coma for seven (7) weeks. (Doc. 79-2, Ex. F, Carol Good Dep. I at 100; Doc. 79-3, Ex. F, Carol Good Dep. II. at 110). The parties dispute how C.G. received her injuries.

On January 22, 2013, plaintiff filed a two-count complaint seeking over $75,000 in damages on each count. (Doc. 1, Compl.). Count I alleges FirstEnergy Corp. negligently installed, maintained and inspected

the security fencing surrounding the substation.  (Id. ¶¶ 15-25).  Count II

claims the substation is an attractive nuisance. (Id. ¶¶ 26-39).  At the

conclusion of discovery, FirstEnergy Corp. moved for summary judgment,

(Doc. 77), which the court denied on November 3, 2015.  (Doc. 100).

**Discussion**

FirstEnergy Corp. seeks to bifurcate the trial into liability and

damages portions.[2]  It argues that bifurcation will allow the jury to devote

all of their attention to deciding whether FirstEnergy Corp. is liable without

hearing additional and likely confusing evidence pertaining to damages.

Furthermore, FirstEnergy Corp. contends that the witnesses needed to

prove liability are largely separate from those necessary to evaluate

damages and that allowing a combined trial on both liability and damages

will unfairly prejudice the jury.

Rule 42 of the Federal Rules of Civil Procedure provides for

bifurcated trials as follows: "For convenience, to avoid prejudice, or to

expedite and economize, the court may order a separate trial of one or

---

[2]  To prove liability in her negligence case, plaintiff must establish:
(1) the existence of a duty or obligation requiring a certain standard of
conduct; (2) a failure to conform to that duty, or a breach thereof; (3) a
causal connection between the breach and the harm; and (4) actual loss
or damage suffered.  Atcovitz v. Gulph Mills Tennis Club, Inc., 812 A.2d
1218, 1222 (Pa. 2002).

more separate issues, claims, crossclaims, counterclaims, or third-party claims." FED. R. CIV. P. 42(b).  The decision to bifurcate is left in the trial court's discretion and must be decided on a case-by-case basis.  Idzojtic v. Pa. R.R. Co., 456 F.2d 1228, 1230 (3d Cir. 1972); see also Barr Labs, Inc. v. Abbott Labs, 978 F.2d 98, 105 (3d Cir. 1992) (stating that a district court's decision to bifurcate a trial is reviewed for an abuse of discretion). In exercising such discretion, the court "must weigh the various considerations of convenience, prejudice to the parties, expedition and economy of resources."  Emerick v. U.S. Suzuku Motor Corp., 750 F.2d 19, 22 (3d Cir. 1984).

As previously stated, FirstEnergy Corp.'s position is that the severity of C.G.'s injuries may create prejudice against it and prevent the jurors from judging the facts of the case impartially.  The court, defendants argue, should separate the trial on liability from that on damages.  We disagree.

Every civil trial contains questions of liability and damages, and the decision whether to bifurcate the trial must be based on the particular facts of the case.  See Lis v. Robert Packer Hosp., 579 F.2d 819, 824 (3d Cir. 1978).  At issue in this case are plaintiff's negligence and attractive

4

nuisance claims.  An element of plaintiff's negligence claim is that she suffered actual damages.  <u>Atcovitz v. Gulph Mills Tennis Club, Inc.</u>, 812 A.2d 1218, 1222 (Pa. 2002); <u>see</u> <u>also</u>  <u>Mahan v. Am-Guard, Inc.</u>, 841 A.2d 1052, 1058 (Pa. Super. Ct. 2003) ("Generally, to prevail in a negligence case, a plaintiff must demonstrate . . . actual loss suffered by the plaintiff.").  Thus, to prove liability, plaintiff must establish she suffered damages, and the extent and nature of plaintiff's damages are not so complicated that a separate proceeding would be necessary to avoid jury confusion.  The jury will not be confused by the task of assigning fault for C.G.'s injuries and then, if necessary, determining the extent of her injuries.

Additionally, the court is not convinced that the serious nature of the damages will cause defendants prejudice.  To accept such a position would require every seriously injured plaintiff to prosecute their claim in two trials.  The court does not accept the position that every plaintiff with evidence of a severe injury creates unfair prejudice and prohibits fair trials.

Moreover, the court is confident that it can construct a jury charge and a verdict slip that will prevent prejudice to defendants.  The court presumes that a jury follows instructions, even in difficult cases, and finds

5

that proper instructions will prevent any prejudicial confusion.  <u>See, e.g.</u>, <u>Thaubalt v. Chait</u>, 541 F.3d 512, 530-31 (3d Cir. 2008) (upholding the decision not to bifurcate the trial in part because the court's jury instructions prevented prejudice against the defendant).  The court will therefore deny FirstEnergy Corp.'s motion to bifurcate the trial.

 **Conclusion**

Based upon the above reasoning, FirstEnergy Corp.'s motion to bifurcate the liability and damages phases of the trial will be denied.  An analysis of the issues of convenience, potential prejudice, expedition and economy of resources establishes that bifurcation is not appropriate.  The factfinder will be able to fairly perform its role in determining liability and damages.  An appropriate order follows.

**Date:   03/15/2016**              **s/ James M. Munley**
                       **JUDGE JAMES M. MUNLEY**
                       **United States District Court**